UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARVIN BROWN | CIVIL ACTION |
| VERSUS | NO. 10-188 |
| ROBERT TANNER, WARDEN | SECTION "C" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff, Marvin Brown, is a prisoner currently incarcerated in the Hunt Correctional Center in St. Gabriel, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Warden Robert Tanner of the B.B. "Sixty" Rayburn Correctional Center ("Rayburn") in Angie, Louisiana, where plaintiff was incarcerated when he filed the complaint. Brown alleges that Warden Tanner "is racial [sic] discriminating against the African-American Correctional Officers and the African-American offenders, and the African-American offenders is [sic] being treated unfairly, due that there's not one African-American Correctional Officer here that [is] higher than a Lt." Record Doc. No. 1, Complaint at ¶ IV. Brown seeks injunctive relief, asking the court to "order Warden Robert Tanner to assigned [sic] African-American Correctional Officer to ranken [sic] position such as: Captain, Major, Lt. Colonel, Colonel and assist[ant] Wardens." Id. at ¶ V.

Because of the perfunctory nature of the allegations in Brown's complaint, in keeping with this court's ordinary screening procedures pursuant to 28 U.S.C. § 1915A,

the court ordered Brown to provide a list of his witnesses and exhibits and a written statement of the facts he expects to offer at trial. Record Doc. No. 5. His response was exceedingly uninformative. He stated only that "[e]ach individual witness will state that I have been racial [sic] discriminated against as well as all African-American offenders and employees." Record Doc. No. 8, at p. 2, ¶ B.

Defendant Warden Tanner filed a motion to dismiss plaintiff's claims as legally frivolous and/or for failure to state a claim for which relief can be granted. Record Doc. No. 13. Brown was ordered to submit a written response to the motion no later than March 30, 2010. The court's order advised him that his failure to file a written response may result in a recommendation that defendant's motion be granted without a further hearing. Record Doc. No. 14. Although Brown did not file anything by the deadline, I deferred ruling on defendant's motion so that plaintiff would have the opportunity to testify and expand upon the nature of his claims, pursuant to the procedure established by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny, during the telephone conference scheduled for April 22, 2010 in this matter.

On April 22, 2010, I conducted a telephone conference. Participating were plaintiff pro se and Jonathan R. Vining, counsel for defendants. I attempted to swear plaintiff in so that he could testify for all purposes permitted by Spears and its progeny, but he refused to provide any testimony in the presence of the corrections officer who

was attending to him at the prison. Brown orally moved to have the corrections officer excluded from the room before he would testify. I denied his motion because he failed to establish the requisite good cause for a protective order. Brown then orally moved to have these proceedings conducted under seal or otherwise closed to public record. I also denied this motion. My reasons for and the law upon which these rulings were made have been set out in writing in a minute entry dated April 22, 2010 to be separately filed. Plaintiff then declared his intention to appeal my rulings to the presiding district judge and refused to provide testimony. Accordingly, the conference was terminated.

For the following reasons, **IT IS RECOMMENDED** that defendant's motion to dismiss be **GRANTED.**

## ANALYSIS

I.  STANDARD OF REVIEW

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "'To survive a motion to

> dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in <u>Iqbal</u> explained that <u>Twombly</u> promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
>
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

<u>Rhodes v. Prince</u>, No. 08-10794, 2010 WL 114203, at *1-2 (5th Cir. Jan. 12, 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949, 1950; <u>Twombly</u>, 550 U.S. at 555; <u>Gonzales v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)) (citing <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. <u>Iqbal</u>, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> (quotation omitted).

4

At least one post-Twombly Fifth Circuit panel reiterated the familiar concept that motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Rodriguez v. Rutter, 310 Fed. Appx. 623, 2009 WL 301835, at *3 (5th Cir. 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000); Kaiser Alum. & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)); accord Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)).

II. DEFENDANT'S MOTION TO DISMISS

Warden Tanner argues that Brown lacks standing to assert a claim on behalf of the African-American correctional officers at Rayburn for discrimination in employment under Title VII. 42 U.S.C. § 2000e-5. Defendant also argues that plaintiff fails to state a claim for a constitutional violation because Brown does not allege any racially discriminatory acts directed toward himself.

Both of defendant's arguments have merit. Plaintiff's pleadings contain no well-pleaded facts. Indeed, his written submissions contain no more than legal conclusions, unsupported by any factual allegations. Thus, under the new standard recently established by the Supreme Court in Twombly and Iqbal, they are not entitled to the assumption of truth. The court gave Brown three opportunities to expand upon his pleadings and assert sufficient facts to state a claim to relief that is plausible on its face,

but his written statement of facts in support of his claims was negligible, Record Doc. No. 8; he failed to submit any written opposition memorandum in regard to the motion to dismiss; and he refused to testify at the Spears hearing. In these circumstances, plaintiff cannot satisfy the Twombly standard to defeat defendant's motion to dismiss.

As to defendant's argument concerning Title VII,

> [t]he first requirement for a plaintiff to bring an action under Title VII is that the plaintiff must have an employment relationship with the defendant. See Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n.8 (5th Cir. 2003) ("Title VII is available only against an employer."). The statute itself, by the plain meaning of its terms, requires an employer-employee relationship. See 42 U.S.C. § 2000e-2(a) (2005) ("Employer practices. It shall be an unlawful employment practice for an employer . . . ." (emphasis added)). Thus, it is clear that a proper defendant in a Title VII case would have to be the plaintiff's employer.

Pisharodi v. Valley Baptist Med. Ctr., 393 F. Supp. 2d 561, 569 (S.D. Tex. 2005); accord Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 226 (2d Cir. 2008); Diggs v. Harris Hosp.-Methodist, Inc., 847 F.2d 270, 272 (5th Cir. 1988). Brown is not an employee of Warden Tanner or Rayburn and thus cannot satisfy the threshold requirement of a Title VII action that there be an employment relationship.

In addition, Brown lacks standing to bring a race discrimination claim to challenge the alleged lack of African-American representation among Rayburn's high-ranking correctional officers. To have standing to bring this claim, plaintiff must show that he meets the following standing requirements:

> First, the plaintiff must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lacy v. Collins, 66 F.3d 321, 1995 WL 535114, at *3 (5th Cir. 1995) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)) (citing Association for Retarded Citizens v. Dallas County Mental Health & Mental Retardation Ctr., 19 F.3d 241, 243 (5th Cir. 1994)). Brown has not identified any concrete and particularized injury to him as a result of the allegedly discriminatory practice, nor has he explained how the alleged conduct by Warden Tanner caused him any injury.

In Lamar v. Whiteside, 606 F.2d 88 (5th Cir. 1979), prison inmates challenged alleged racial discrimination in the hiring by the Texas Board of Pardons and Paroles of Board employees who had direct contact with prisoners. The Fifth Circuit held that "[i]t is not enough, however, merely to speculate that an allegedly racially imbalanced work force will have discriminatory proclivities." Id. at 89. Because this type of "alleged 'injury' does not give rise to a case or controversy," the court held that the plaintiffs lacked standing to bring the action. Id. at 88-89. Similarly, Brown lacks standing in the

instant case because, in the absence of any allegation of actual injury, no justiciable case or controversy is presented.

Finally, even if plaintiff had standing to bring this action for a denial of equal protection because the warden discriminated on the basis of race in the promotion of jail employees, he fails to state a claim. "To state an equal protection claim, [plaintiff] must allege, inter alia, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination." <u>McKnight v. Eason</u>, 227 Fed. Appx. 356, 2007 WL 1334184, at *1 (5th Cir. 2007) (citation omitted); <u>accord</u> <u>Baranowski v. Hart</u>, 486 F.3d 112, 123 (5th Cir. 2007). "A prisoner must show that the prison official acted with a discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. Vague and conclusory allegations [of discrimination] are insufficient to raise an equal protection claim." <u>Jebril v. Joslin</u>, No. C-07-436, 2008 WL 416240, at *8 (S.D. Tex. Feb. 12, 2008) (citing <u>Woods v. Edwards</u>, 51 F.3d 577, 580 (5th Cir. 1995); <u>United States v. Galloway</u>, 951 F.2d 64, 65 (5th Cir. 1992); <u>Pedraza v. Meyer</u>, 919 F.2d 317, 318 n.1 (5th Cir. 1990)); <u>accord</u> <u>Jones v. Castro</u>, No. SA-6-CA-846-NSN, 2007 WL 3396500, at *4-5 (W.D. Tex. Nov. 13, 2007) (citing <u>Al-Ra'id v. Ingle</u>, 69 F.3d 28, 32 (5th Cir. 1995)).

In the instant case, Brown has proffered only vague and conclusory allegations, based solely on his personal, subjective belief, that Warden Tanner discriminates against African-American inmates and employees generally in the promotion of African-American corrections officers. Plaintiff's conclusory allegations are insufficient to state a claim for a violation of his right to equal protection. See Al-Ra'id, 69 F.3d at 32 (conclusory allegations of racial malice insufficient to maintain equal protection claim); Portillo v. Brown, No. 2:07-CV-0031, 2009 WL 1160345, at *2 (N.D. Tex. Apr. 28, 2009) (citing Al-Ra'id, 69 F.3d at 32) (Hispanic inmate's allegations that prison employee called him names, laughed at him and refused to dismiss disciplinary action against him, based on his race, were conclusory and failed to state a claim.); Webber v. Ramos, No. EP-04-CA-426-KC, 2007 WL 1039214, at *6 (W.D. Tex. Mar. 21, 2007) (citing Al-Ra'id, 69 F.3d at 32; Taylor v. Johnson, 257 F.3d 470, 474 (5th Cir. 1995)) (African-American inmate failed to state an equal protection claim with allegations that prison employees discriminated against him based on his race when they removed him from one work assignment, denied him another particular work assignment and denied him the opportunity to file a formal complaint to challenge the work assignments.).

Accordingly, Brown has failed to state a claim upon which relief can be granted and defendant's motion to dismiss should be granted.

## RECOMMENDATION

**IT IS RECOMMENDED** that defendant's motion to dismiss plaintiff's complaint be GRANTED, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim for relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this __23rd__ day of April, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.